[Cite as *State v. Pigue*, 2013-Ohio-5462.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY

STATE OF OHIO                                          :
                                                      :      Appellate Case No. 2013-CA-20
        Plaintiff-Appellee                            :
                                                      :      Trial Court Case No. 2012-CR-596
v.                                                    :
                                                      :
MAURICE PIGUE                                         :      (Criminal Appeal from
                                                      :       Common Pleas Court)
        Defendant-Appellant                           :
                                                      :

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of December, 2013.

. . . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. #0074332, Greene County Prosecutor's Office, 55 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

KIRSTEN KNIGHT, Atty. Reg. #0080433, Post Office Box 137, Germantown, Ohio 45327
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}    Maurice Pigue appeals from his conviction and sentence following a jury trial on one count of cocaine possession, a fourth-degree felony.

{¶ 2}    Pigue's appointed appellate counsel has filed a brief pursuant to *Anders v.*

*California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for our review. Counsel did identify two potential assignments of error dealing with a jury instruction and the sentence imposed. Counsel determined, however, that these potential assignments of error would be frivolous. By entry, we informed Pigue of the *Anders* filing and allowed him time to submit a pro se brief. He failed to do so. The appeal is now before us for disposition.

{¶ 3}   The record reflects that police sergeant Steve Lane observed Pigue walking down East Church Street in Xenia. Lane recognized Pigue and knew he had an outstanding arrest warrant. After driving past Pigue, Lane confirmed the warrant and alerted other police units. He then turned around and drove toward Pigue again. Lane noticed that Pigue was watching him. When Lane got close, Pigue darted between two houses and went behind a boarded-up residence at 765 East Church Street. Lane jumped out of his patrol car and started around the house in pursuit. As Lane went around the side of the house, Pigue unexpectedly came back around toward the officer. Lane testified that Pigue was out of his sight for a few seconds.

{¶ 4}   Lane confronted Pigue and ordered him to the ground. The officer noticed that Pigue's pants and boxer shorts were pulled part way down, and "the top third of his butt crack was now showing." Pigue's pants had been pulled up normally before he darted behind the residence. Lane handcuffed Pigue and conducted a pat down, which resulted in the discovery of marijuana, $1,700 cash, and a cell phone.

{¶ 5}   Based on Pigue's behavior, Lane suspected that he had "ditched something" behind the residence at 765 East Church Street. In particular, Lane found it suspicious that Pigue had darted behind the building only to return seconds later with his pants partially down. Lane

explained that "it's very common for people who possess drugs, particularly crack cocaine, to conceal it in-between their rear end, in the butt cheeks * * *." The appearance of Pigue's pants caused Lane to believe he had removed drugs and discarded them behind the residence. As a result, Lane looked behind the house, which was only a few feet from where he had confronted Pigue, and saw a bag of crack cocaine, a bag of marijuana, and a cigar box in the grass against the foundation. Lane opened the cigar box and found more crack cocaine. Lane believed that the items very recently had been placed there because they were not weathered and had not "settled down" into the grass. Rather, "[t]hey were kind of sitting up on top of things."

{¶ 6}     Based primarily on Lane's testimony,[1] a jury found Pigue guilty of possessing between five and ten grams of cocaine. The trial court imposed a seventeen-month prison sentence. It also notified Pigue about post-release control and ordered him to pay court costs. This appeal followed.

{¶ 7}     Upon review, we agree with appointed appellate counsel that the two potential assignments of error mentioned above are frivolous. The first concerns a jury instruction regarding constructive possession. The trial court instructed the jury as follows:

> Possession is an essential element of the offense of Possession of Cocaine. Possession is a voluntary act if the possessor knowingly possessed the cocaine. A person has possession when he has the ability to direct or control its use. Ownership is not necessary.
>
> Possession may be actual or constructive. While mere presence in the

---

[1] In addition to Lane's testimony, the State presented testimony from officer Anthony Vitale, who took photographs and collected evidence, BCI forensic scientist Robin Roggenbeck, who unsuccessfully sought to obtain fingerprint evidence, and former BCI drug analyst Beverly Wiltshire, who confirmed the presence of cocaine in the bags at issue and testified about their weight.

vicinity of cocaine is insufficient to establish possession, constructive possession may be established where the Defendant was able to exercise dominion or control over the cocaine. Readily usable drugs in close proximity to a defendant may constitute sufficient circumstantial evidence to support a finding of constructive possession.

However, the mere fact that cocaine is located in close proximity does not, in itself, constitute constructive possession. It must be shown that the person knew of the presence of the cocaine. A person may possess or control cocaine belonging to another.

{¶ 8} We believe the foregoing instruction, which Pigue affirmatively agreed to below, conveyed the essence of constructive possession. *Cf. State v. Harry*, 12th Dist. Butler No. CA2008-01-0013, 2008-Ohio-6380, ¶37-39 (upholding an instruction similar to the one given in Pigue's case). An argument seeking reversal on the basis that the trial court's instruction was erroneous or inadequate is frivolous.

{¶ 9} We reach the same conclusion with regard to the potential assignment of error concerning Pigue's sentence. The trial court considered the statutory principles and purposes of sentencing as well as the seriousness and recidivism factors. The trial court also considered the statutory factors relevant to imposing a prison sentence for a fourth-degree felony. Its seventeen-month sentence was within the statutory range, was not a maximum sentence, and was supported by the record. In this regard, we note that Pigue violated the conditions of his bond during the pendency of the case and had several prior felony convictions. We see no non-frivolous basis for challenging the sentence on appeal.

{¶ 10} Finally, we have performed our duty under *Anders* to conduct an independent review of the record and have found no non-frivolous issues for review. In particular, we have considered a manifest-weight-of-the-evidence challenge to a finding of constructive possession. But such a challenge would be frivolous. As set forth above, Lane watched Pigue run behind a building for a few seconds and then return. When Pigue ran behind the building, his pants were up. When he returned, they were partially down. Lane testified that it is common for people to conceal drugs in their buttocks, and he suspected that Pigue had lowered his pants to remove drugs and discard them. The fact that Pigue went behind the building for a few seconds and then returned also supports an inference that he discarded something behind the house. Finally, Lane testified that he found the drugs only a few feet from where he confronted Pigue. Lane explained that the drugs appeared to have been freshly dropped and that people ordinarily "don't just abandon crack cocaine" unless they are trying to prevent police from discovering it. In light of Lane's testimony, we find no potentially meritorious argument on the issue of constructive possession.

{¶ 11} We also have considered the possibility of a challenge to Lane's pat down of Pigue, which resulted in the discovery of marijuana, $1,700 cash, and a cell phone. Although Pigue apparently was not charged with marijuana possession, testimony about what Lane found in his possession was introduced at trial. In any event, an argument about the propriety of the pat down would be frivolous. Once he lawfully observed Pigue on the street and confirmed an active arrest warrant, Lane was entitled to take Pigue into custody and to conduct a search incident to arrest. Therefore, we see no potentially meritorious issue with regard to the pat down.

{¶ 12} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

**[Cite as *State v. Pigue*, 2013-Ohio-5462.]**
FAIN, P.J., and FROELICH, J., concur.


Copies mailed to:

Elizabeth A. Ellis
Kirsten Knight
Maurice Pigue
Hon. Stephen Wolaver